Cause No. 11-14-00215-CR

**561-15**

Marquez. Ernest Villa    TR-CT-No CR 42478

PD-0561-15

ORIGINAL

In The Court of Criminal Appeals
Austin, Texas
Petition For Discretionary Review

EXParte

Ernest Villa Marquez    I.D.#-01945709

ORiginal Petition For Discretionary Review

On Original APPellant's Brief
For APPeal From Cause No. CR-42478. IN
The 142 Th Judicial District Court
of Midland County, Texas The
Honorable George D. Ctilles
Presiding Judge

FILED IN
COURT OF CRIMINAL APPEALS
JUL 2 1 2015
Abel Acosta, Clerk

RECEIVED
COURT OF CRIM.
JUL 2 1 2015
Abel Acosta, Cler

APPlicant. Pro Se
Ernest Villa Marquez
I.D.# 01945709
MARK W. STILES UNIT
3060 F.M. 3514 Beaumont, Texas Address
77705 Tx. Zip

[ * COVER Sheet * ]

Trial Judge
Honorable Jody Gilles
142nd District Court
Midland County, Texas

State's Witnesses (None)
Defendant's Witnesses
"Attorney" Kevin Acker
Ernest Villa Marquez (Defendant)

2

# Table of Contents

Table of Contents

Table of Authorities

Statment of The Case

Issues Presented on Appeal

Statment Facts

Argument Summary

Quoting: Senator Whitmire

Point of Error 1
States use of Enhancement were Inproperly used.

Point of Error II
Trial Courts Failure to Analyze or Apply The law. Correctly.

Point of Error III
The State's Remarks were Improper

Conclusion

Prayer

Certificate of Service

Certificate of Service

# Table of Authorities

1. Tex Penal Code Ann § 12.42 (.d)

2. State V. Mancuso (App 1996) 919 S.W. 2d. 86.)

3. Statutory Elements

4. Woodard V. State S.W. 3d 242 Tex.App. Lexis 2959 (Tex.App-Austin Apr 11-2012

5. (R. 111 66)

6. Calderon V. State. 847 S.W. 2d 377 (Tex. App-El Paso 1993), PDR Ref.

7. Filed Complaint

8. Stickland. Supra Hernandez V. State 988 S.W. 2d 770, 772 (Texas Cr. App. 1999)

9. Hernandez. 988 S.W. 2d 770 N.2 ~~citing Stickland~~ (citing Stickland 466 U.S. At 687)

10. Waits V. State (App. 2 Dist-2001) 56 S.W. 3d 844

11. Defendant's Indictment

12. Article 42.12 (3)-(5)

## STATEMENT OF THE CASE

July 16, 2014. This Cause as called for a bench Trial A Jury having been waived by defendant/Appellant. (R.II.68). Defendant/Appellant Entered his plea of "Guilty To The Charges of "Burglary of a Building" As Alleged in The Indictment. (T. 7). Following Evidence The Court Convicted defendant/Appellant As Charged (R.III.4). The Court Assessed Punishment At Ten (10) Years Incarceration (T.61); (R.3,5).

Notice of Appeal was duly And Timely Filed (T. 69).

5

# ISSUES PRESENTED ON APPEAL

WHETHER THE STATES CLOSING REMARKS WERE
IMPROPER?

6

## STATEMENT OF FACTS

Defendant/Appellant Pled "guilty" in this case to burglarizing a local 7-11 convenience store by throwing a rock through the glass and entering to steal cigarettes and other items. (R.II.15; III.70). He had been drinking. And was distraught over a child protective services cases to which he had been a party that resulted in the termination of his parental rights. (R.II.46-48). It is uncontroverted that defendant/appellant was the lone actor and also uncontroverted that he was under the influence of alcohol at the time of the incident. (R.II.46-48). During the event. Authorities arrived and placed defendant/appellant in custody. (R.III.70). Since defendant/appellant has previous felony convictions.

He was facing a penalty range of from Two (2) two to Twenty (20) years incarceration. (R.II.7).

7

# ARGUMENT SUMMARY

1. THE STATE ENGAGED IN INPROPERLY USE of Enhancements which WERE beYond The Different Rule's govern Enhancements And Thus PREJudiced defendant / APPellant

2. TRial Courts Failure To Analyze or APPly The law. Correctly PREJudiced defendant / APPellant

3. THE state's IMPROPER Closing Remarks. Were Improper beYond The four Acceptable Parameters of closing Argument And thus PREJudiced defendant / APPellant.

8

# POINT of ERROR
## I

### STATES USE of ENHANCEMENTS WERE INPROPERLY USED

APPELLANT WAS Sentenced IN Accordance with The Admonishment And plea bargin To "TEN YEARS" IMPRISONMENT APPELLANT RAISES POINT of ERROR . . . .

APPELLANT Contends That AN Illegal Sentence Resulted From The use of Tex Penal Code ANN SECTION 12.42 (d) (VERNON 1994) To Enhance a STATE Jail FELONY USING Two PRIOR FELONY Convictions. APPELLANT SEEKS A Remand FoR RE-SENTENCING AS a STATE Jail FELON Under TEX. Penal Code ANN SECTION 12.35 (a)-(b) (VERNON 1994) Also SPECIFIC PROVISIONS of TEX. Code Crim P. ANN ARTICLE 12.42 of The Penal Code STATE V. MANCUSO 903 S.W.-2d 386 (TEX. APP-Houston) "1 ST DIST MAY 18. 1995. PET SRANTED. ARTICLE 42-12 section 15 REQUIRES The Trial Court To SUSPEND The SENTENCE Imposed Under Sections 12.35 (a) and (b) THEREFORE. FoR THE Same REASON THAT ARTICLE 42.12 Section 15 Controls over Article 12.42 sections 12.35 (a) and (b) control over ARTICLE 12.42 This ISSUE IS RESOLVED IN MANCUSO J. STATE . . THUS Section 12.42 (d) CANNOT BE USED To Enhance a STATE-Jail Felony Primary offense when Sections 12.35 (a)-(b) would Otherwize Govern The SENTENCE Imposed The Trial Court ERRED because The STATE Regarding PAST PRIORS Fell short of Qualifying AS SEVERE The INSTRUCTIONS To dis-REGARd constituted A PROPER CURATIVE MEASURE which WAS NOT Followed The STATE made NO AFFIRMATIVE deadly/weapon Finding. STATUTORY ELEMENTS of

burglary of A building Under TEXAS law do NOT MAKE IT A PER SE Crime of VIOLENCE FoR PURPOSE of INCREASING The base offense level Under The Sentencing Guidelines bECAUSE They do NOT NECESSARILY INVOIVE USE of Physical FORCE AGAINST THE PERSON of Another U.S.S.G § 2 K 2.1 (a) (4) (a) 4 B 1-2 (a), 18 U.S.C.A. V.T.C.A. Penal Code

UNDER Penal Code ANN. Section 12.35 (c) and 12.425 (c) defendants Punish-ment level INCREASED And WAS NOT EQUIVALENT To The level Increased From A STATE Jail FELONY Conviction To Enhance defendants Punishment To A Second degree FELONY. SEE: WOODARD V. STATE S.W. 3d 2012 TEX APP. LEXIS 2959 (TEX. APP-AUSTIN APR 11-2012 . . . . .

## POINT of ERROR
## II
### Trial Court's Failure To Analyze or Apply the law. Correctly.

Being A Robber. Robbery Suspect A violent Person Prosecutor stated whatever he wants to "Rob (R.111.66). Appointed Counsel for defendant to Argue the Allegation of being A Robber/Robbery Suspect defendant of the law IS unskilled And without Ex-perience, or defendant would of Objected to Allegation Argument is a Reasonable deduction From Evidence. SEE: Calderon V. State, 847 s.w. 2d 377. 383 (Tex. App-El Paso 1993). PDR Ref. There was Absolutely No Evidence of Robbery And it Cannot be said That Characterizing defendant/ Appellant As Such did Not Impact the Trial Court.

Note ☑ A Copy of defendants/Appellant Filed Complaint For the Sheriff "Gary Painter violated his Consttional Right To Access To the Courts by denying him An Adequate law library. All the law books At the midland Jail were out dated Again defendant would of Objected Allegation.


Counsels Failure To object and make known the standards being A Robber Robbery Suspect A Violent Person Prosecutor stated (R.111.66) was Outside the boundries Counsel was clearly aware That Enhancement used dering sentencing To Enhance The State Jail Felony To A Second degree was Outside the law Effective Repersentation in A NonCapital Case IS Evaluated under Standard Articulated in

Stickland, Supra Hernandez V. State 988. S.w. 2d 770. 772 (Texas Cr. App. 1999) over Ruling the Resonably Effective Standard.


Hernandez, 988 s.w. 2d 770 N.2 (citing Stickland. 466 U.S. At 687) cites That There is A Reasonable Probability The Result of The Case would have been different, but Councels deficient Performance. IE, a Probability Sufficent undermine The The Confidence in The Outcome

# POINT of ERROR
## III
### THE STATES REMARKS WERE IMPROPER

WAITS V. STATE (APP. 2 DIST 2001) 56 S.W. 3d 894 PRIOR UNAGGRAVATED STATE CONVICTIONS COULD NOT BE USED ALONG WITH ONE PRIOR FELONY CONVICTION TO ENHANCE PUNISHMENT of defendant CONVICTED of a STATE Jail FELONY TO A 2nd degree FELONY.

ON INDICTMENT defendant/APPELLANT on the 26th day of October, 2013 ENTER A building And committed theft cause No. 42478 - PARAGRAPH (2) (Enhancement defendant was CONVICTED of BURGLARY of Building Cause No. A36480 PARAGRAPH (3) (Enhancement defendant was CONVICTED of burglary of building Cause No. A36481 AFTER defendant PRIOR CONVICTIONS was PROPERLY USED TO Enhance The Charge offense From State Jail Felony To 3rd degree Felony The same Conviction Could Not be USED AGAIN To Enhance defendants Punishments: STATE IS NOT PERMITTED To ~~use~~ USE THE Same PRIOR THERE ARE RESTRICTIONS ON MULTIPLE USE of Individual PRIOR CONVICTIONS FOR ENHANCEMENTS while THE Same PRIOR CONVICTION MAY BE USED FOR ENHANCEMENTS IN different PROSECUTIONS.

HERNANDEZ V. STATE (CR. APP 1996) 929 S.W. 2d 11.
AFTER defendant PRIOR CONVICTION WAS PROPERLY USED To Enhance THE charge offense From State Jail Felony To A 3rd degree Felony The Same CONVICTION Could NOT be USED AGAIN TO ENHANCE defendants Punishments: STATE is NOT PERMITTED To USE THE Same PRIOR CONVICTIONS MORE THAN ONCE IN Same PROSECUTION.

defendants/APPELLANT Case To be Violated Accordingly within THE PROPER LEGAL Guidelines It WAS NEVER TO GO ANY FURTHER THEN A 3RD degree or State Jail Punishment A State Jail Felony does Violate THOSE LIMITS THERE FORE defendants CONCEDE THAT BURGLARY of Building "IN RESPECT TO A 2nd degree FELONY Punishment TO AN UN Authorized SENTENCE does Violate THOSE CRIMINAL PROCEDURE Guidelines.

The INFORMATION ALLEGED Two PRIOR Felony CONVICTIONS For burglary of building NEITHER of which FELL UNDER ART. 42.12 (3)(9) NOR ALLEGED AFFIRMATIVE Findings of A deadly WEAPON. Sentence should be REVERSED.

NOTE [✓] A COPY of Amended Notice of INTENT TO offer Evidence of EXTRANEOUS CRIMES. ACTS And WRONGS Committed by defendant. WHERE PRIOR CONVICTIONS did NOT INVOLVE deadly WEAPONS or/ANY Convictions listed AS IN SECTION 3.9 (a)(2) 42.12. Code of CRIMINAL PROCEDURE

# "Quoting" Senator . . . .

Quoting: Senator Whitmire The Forth degree or The
         State Jail Felon. Will remain a State Jail Felon
As long as he or she is committed A [39] offense Previously.

Your Not eligible For A State Jail or you Commit A State Jail
offense with a weapon your Not eligible. Those Two will enhance
you. other wise. As long as youre in the Loop so to Speak
in Committing State Jail Felonies you will remain A
         Candidate For The State Jail.

12

# Conclusion

Because defendant/Appellant never used or Exhibited a deadly weapon as defined by Section 1.07 Vernon's Texas Code Annotated Volume 2 Penal Code Sections 9.01 to 19.02 Supplementing 2011 main Volume for use in 2012-2013 Includes Laws Through the 2011 First Called Session of the 82 nd Legislature or Convicted of any Felony.

(.a) Under Section 20 A.03 or 21.02 or listed in Section 3 G (a) (-1) Article 42.12 Code of Criminal Procedure: or

(.B) For which The Judgment Contains An Affirmative finding Under Section 3-G (a) (2) Article 42.12 Code of Criminal Procedure

During the Course of Committing This burglary And Absolutely NO Evidence of Committing Any Crime beyond A simple StateJail burglary of building For Clearly This IS A "Phaze of The Law upon which The State IS Entitled To Rely For Punishment Article 42.12 Code of Criminal Procedure The Trial Court went beyond The "Proper Sentencing guidelines And To

Refer defendant/Appellant As A "Robber" No one was "Robbed" during the Course of A.

Simple StateJail Burglary.

## PRAYER

WHEREFORE, APPELLANT PRAYS This Honorable Court Consider The Record And his brief Containing his point of ERROR And. AFTER due ~~Cord~~ Consideration, GRANT THE REquested Relief. REVERSING his Sentence.

REPRESENTED by. Ernest V. Marquez
#1945709
STILES Unit
3060 F.M. 3514
BEAUMONT, TX 77705
"PRO SE"

## Certificate of Service

I HEREby Certify THAT on This the, 13 day of July 2015 YR. A.D. Said Petition 1 Original Discretionary Review were United states Postmailed To: CLERK Louise Pearson. SUPREME Court Blds. 201 W. 14th ST P.D. Box 12308. CAPITol STATIon ~~SUPREME Court~~ AUSTIN, TEXAS 78711 To BE Filed IN The SUPREME Judicial DISTRICT.

/PRO SE/ERNEST Villa Marquez

I HEREBY CERTIFY THAT on This the, 13 day of July 2015 YR A.D. A Copy of The Foregoing were United STATES Post mailed To: DISTRICT Attorney TERESA Clingman Midland County Courthouse 500 N. Loraine STREET Midland, Texas 79701

/PRO SE/ ERNEST V. MARQUEZ

I HEREBY CERTIFY THAT on This The 13 day of July 2015 YR A.D. A Copy of The Foregoing were United State's Post mailed To: STATE PROSECUTING Attorney, 202 PRICE DANIEL. SE bldg, 209 W. 14th ST AUSTIN TEXAS 78711-2308

## Certificate of Rule Compliance

I HEREby CERTIFY That The Front used herein is 20 PT. or GREATER And That The Word Count is 1,323

/PRO SE/ERNEST V. MARQUEZ

Defendant/Appellant,

Exhibit,

No. 1

15

# United States District Court
## Western District of Texas
## Midland-Odessa Division
## 200 East Wall, Room 107
## Midland, Texas 79701-5217

William Putnicki
Clerk of Court

(432) 686-4001

June 12, 2014

**Ernest V. Marquez**
# 246746
Midland County Detention Center
P.O. Box 11387
Midland, TX 79702

Re:  **Marquez v. Gary Painter**

Dear Sir:

This is to acknowledge receipt of your **Complaint** in the above captioned case title **Marquez v. Gary Painter** .  Your case was filed **June 10, 2014**, and assigned docket number **MO-14-CV-054**, and referred to the Honorable Robert A. Junell for disposition.

Please indicate your assigned case number on all future documents submitted for filing in this case. Furthermore, you must keep the court informed of your current address throughout the pendency of your case.  Failure to do so may result in dismissal of your case for want of prosecution.

Additionally, when filing subsequent pleadings, you must serve them upon the defendant or, if appearance has been entered by counsel, upon his attorney. You must also include with the original and copy of the pleading to be filed with the Clerk of Court, a certificate of service, stating that the true and correct copy of the pleading was mailed to defendant or his counsel.  If you wish to received a file-stamped copy of the pleading, you must submit an original and two copies, along with a self-addressed, stamped envelope.

If you desire a copy of a previously filed document, you must submit a written request for same, along with a search fee of $26.00.  In addition, a fee of $.50/page will be charged for the copying of this pleading.  A copy of the docket sheet for this case may be obtained by submitting the copying fee of $.50/page.  All checks are to be made payable to **"Clerk, U.S. District Court"** and sent to the above listed address.  The granting of any in forma pauperis status **does not exempt** you from the payment of these search and copying fees or from any of the requirements noted above.

Sincerely,

WILLIAM G. PUTNICKI, Clerk

By: Deputy Clerk

16

Defendant/Appellant

Exhibit

No. II

CR42478

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 142ND JUDICIAL DISTRICT |
| | § | |
| ERNEST VILLA MARQUEZ | § | MIDLAND COUNTY, TEXAS |

**AMENDED NOTICE OF INTENT
TO OFFER EVIDENCE OF EXTRANEOUS
CRIMES, ACTS AND WRONGS
COMMITTED BY THE DEFENDANT
IN STATE'S CASE IN CHIEF ON GUILT-INNOCENCE
AND/OR PUNISHMENT**

**COMES NOW** the State of Texas by and through her District Attorney and gives notice to the defendant as required by TEX. R. CRIM. EVID. 404(b) and 37.07 of the TEX. CODE CRIM. PROC. that the State of Texas intends to offer in the State's case in chief at guilt-innocence and/or punishment evidence, or for the purpose of enhancing the range of punishment, of the following crimes, acts and wrongs committed by the defendant, which may be considered extraneous, to-wit:

1. On or about July 31st, 1986, in Mitchell County, Texas, the defendant, A.K.A. Earnesto Villa Marquez, was convicted in the County Court of the misdemeanor offense of Driving Under the Influence in Cause # 13,676.

2. On or about April 15, 1988, in Ector County, Texas, the defendant was convicted of the felony offense of Burglary of a Building in Cause # D-18,399 in the 385th District Court, and was sentenced to 7 years TDCJ.

3. On or about April 15, 1988, in Ector County, Texas, the defendant was convicted of the felony offense of Unauthorized Use of a Motor Vehicle in Cause # D-19,211 in the 385th District Court, and was sentenced to 5 years TDCJ.

4. On or about June 29, 1989, in Ector County, Texas, the defendant was convicted of the felony offense of Burglary of a Building in Cause # C-19,965 in the 244th District Court, and was sentenced to 8 years TDCJ.

5. On or about October 14, 1998, in Ector County, Texas, the defendant was convicted of the misdemeanor offense of Fail to Maintain Proof of Financial Responsibility in the County Court at Law No. 2 in Cause # 98-3622.



6. On or about October 14, 1998, in Ector County, Texas, the defendant was convicted of the misdemeanor offense of Fail to Maintain Proof of Financial Responsibility in the County Court at Law No. 2 in Cause # 98-3620.

7. On or about May 7, 1999, in Ector County, Texas, the defendant was convicted of the felony offense of Burglary of a Building, enhanced as a habitual offender, in Cause # B-27,346 in the 161st District Court, and was sentenced to 5 years TDCJ.

8. On or about July 22, 2003, in Ector County, Texas, the defendant was convicted of the felony offense of Unlawful Use of a Motor Vehicle in Cause # A-30,761 in the 70th District Court and was sentenced to 9 months State Jail.

9. On or about September 9, 2004, in Ector County, Texas, the defendant was convicted of the misdemeanor offense of Theft greater than $50 but less than $500 in the County Court in Cause # 04-2175.

10. On or about October 13, 2006, in Ector County, Texas, the defendant was convicted of the misdemeanor offense of Driving While License Suspended in the County Court in Cause # 06-1623.

11. On or about October 13, 2006, in Ector County, Texas, the defendant was convicted of the misdemeanor offense of Driving While Intoxicated 2nd in the County Court at Law in Cause # 06-2517.

12. On or about February 9, 2007, in Midland County, Texas, the defendant was convicted of the misdemeanor offense of Driving While Intoxicated in the County Court in Cause # 113157.

13. On or about June 6, 2007, in Ector County, Texas, the defendant was convicted of the misdemeanor offense of Driving While License Suspended in the County Court in Cause # 07-2400.

14. On or about January 7, 2008, in Hudspeth County, Texas, the defendant was convicted of the felony offense of Unauthorized Use of a Motor Vehicle in Cause # 3980 (Count One) in the 394th District Court and was sentenced to 15 months State Jail.

15. On or about January 7, 2008, in Hudspeth County, Texas, the defendant was convicted of the felony offense of Burglary of a Building in Cause # 3980 (Count Two) in the 394th District Court and was sentenced to 15 months State Jail.

16. On or about August 28, 2009, in Ector County, Texas, the defendant was convicted of the felony offense of Burglary of a Building in Cause # A-36,482 in the 70th District Court and was sentenced to 15 months State Jail.

17. On or about August 28, 2009, in Ector County, Texas, the defendant was convicted of the felony offense of Burglary of a Building in Cause # A-36,483 in the 70th District Court and was sentenced to 15 months State Jail.

18. On or about July 27, 2011, in Ector County, Texas, the defendant was convicted of the misdemeanor offense of Driving While License Suspended in the County Court at Law in Cause # 11-2324.

**WHEREFORE, PREMISES CONSIDERED,** the defendant is hereby notified that at the trial of the above entitled and numbered cause, the State intends to introduce in evidence at the State's case in chief on guilt-innocence and/or punishment the aforesaid extraneous crimes, acts and wrongs committed by the said defendant.

Respectfully submitted,

Andrew van der Hoeven
Assistant District Attorney
Midland, Texas 79701

Opinion filed April 23, 2015



In The

# Eleventh Court of Appeals

No. 11-14-00215-CR

ERNEST VILLA MARQUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 142nd District Court

Midland County, Texas

Trial Court Cause No. CR42478

## MEMORANDUM OPINION

After an open plea of guilty, the trial court found Ernest Villa Marquez guilty of burglary of a building, found the enhancement paragraphs to be "true," and sentenced Appellant to confinement for ten years and no fine. Appellant argues, in his sole issue, that the trial court erred when it did not declare a mistrial after the State's prosecutor, during closing argument, referred to Appellant's prior criminal history of burglaries and twice referred to Appellant as someone who continued to "rob." We affirm.

## I. *Evidence at Trial*

Because Appellant does not advance a sufficiency challenge, we recite only the facts necessary to review his appeal. The grand jury indicted Appellant for burglary of a building and alleged he had intentionally and knowingly entered a building without the owner's consent and had attempted to commit and committed theft in the building, a "7–Eleven" convenience store.[1] Appellant waived his right to a jury trial and freely and voluntarily pleaded guilty to the indictment, and the trial court found him guilty of the offense of burglary of a building. Appellant also pleaded "true" to two enhancement paragraphs[2] that alleged he had committed two felony offenses of burglary of a building.[3] After hearing evidence from the State and Appellant, the trial court found two enhancement paragraphs to be "true" and later sentenced Appellant to confinement for a period of ten years.

## II. *Analysis*

Appellant argues, in his sole issue, that the trial court erred when it did not declare a mistrial after the State's prosecutor, during closing argument, referred to him as someone who continued to "rob"; Appellant claims this was harmful closing argument.

The prosecutor emphasized Appellant's lengthy criminal history that included nine convictions for burglary and other convictions for unauthorized use of a motor vehicle, theft, and other offenses. The record reflected that Appellant had prior convictions for burglary but no convictions for robbery. The prosecutor outlined this lengthy criminal history to argue for a longer sentence than Appellant had received for previous convictions. The prosecutor sought the maximum

---

[1]*See* TEX. PENAL CODE ANN. § 30.02(c)(1) (West 2011).

[2]*See id.* § 12.425(b) (West Supp. 2014).

[3]During Appellant's sentencing hearing, the State also adduced evidence of multiple convictions by Appellant for DWI and other offenses, but these convictions were not the basis for the enhancement paragraphs.

2

sentence available: confinement for twenty years.[4] During his closing arguments before the court, the prosecutor made two references to "rob" in close succession, but immediately after the second instance, he recognized his error and corrected himself. He stated that "rob" was "the wrong term" and that he meant to say "burglar[iz]ing their businesses."

During this part of the closing argument, defense counsel did not object. To preserve error, Appellant must object or the error is waived. TEX. R. APP. P. 33.1(a); *see Mays v. State*, 318 S.W.3d 368, 394 (Tex. Crim. App. 2010); *Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010); *Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004). Courts have applied this rule to bench trials. *Dorsey v. State*, No. 01-13-01022-CR, 2014 WL 6602517, at *2 (Tex. App.—Houston [1st Dist.] Nov. 20, 2014, pet. ref'd) (mem. op., not designated for publication); *Parker v. State*, No. 02-11-00032-CR, 2011 WL 5984539, at *2–3 (Tex. App.—Fort Worth Dec. 1, 2011, no pet.) (mem. op., not designated for publication) (failure to object to prosecutor's closing arguments, during bench trial, forfeited any potential error for appellate review).

But even if defense counsel had objected, and we assumed error, it would be reviewed under TEX. R. APP. P. 44.2(b) and disregarded unless Appellant's substantial rights were affected. *See Martinez v. State*, 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000). Given that Appellant pleaded guilty to burglary, that he admitted having been previously convicted of burglaries, and that he had a lengthy criminal history, which included no robbery convictions, any error in the prosecutor's closing argument did not affect Appellant's substantial rights and had no impact on the trial court. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (citing *Orona v. State*, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990)).

---

[4]The punishment range for a state jail felony with two prior felony enhancements is not more than twenty years of imprisonment but not less than two years of imprisonment. *See* PENAL §§ 12.33, 12.425(b).

In reviewing the entire record and the prosecutor's entire closing argument, we hold the two isolated references did not cause Appellant harm. We overrule Appellant's sole issue.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

April 23, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4